UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DERRICK LIN,

                      Plaintiff,

   -against-

DISH NETWORK LLC,

                      Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**19 CV 1087 (AMD)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Derrick Lin, proceeding *pro se*, brings this action alleging defendant Dish Network LLC violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq*. On February 5, 2020, the Court granted defendant's motion to compel arbitration pursuant to an arbitration agreement, and the action was stayed pending the outcome of the arbitration. ECF No. 16. Now before the Court is plaintiff's motion to vacate the arbitration award issued in defendant's favor, and defendant's cross-motion to confirm the award and dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 50(a) ("Fed. R. Civ. P."). The Honorable Ann M. Donnelly referred the parties' motions to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth herein, it is respectfully recommended that plaintiff's motion to vacate the award should be denied, and defendant's cross-motion should be granted. Plaintiff's case should be dismissed.

## BACKGROUND

I.    Plaintiff's Allegations of Discrimination[1]

Plaintiff was employed by defendant as a customer services representative from September 18, 2016 to January 11, 2019. Tr. at 10:8–9; ECF No. 1 at 5. In the summer of 2017, plaintiff was

---

[1] The following facts are taken from plaintiff's complaint, ECF No. 1, plaintiff's redacted motion to vacate, ECF No. 39, and the arbitration hearing transcript ("Tr."), attached to plaintiff's motion as Exhibit A. The Court references the hearing transcript as "Tr. at" with the corresponding page and line number.

1

caught "on at least two occasions doing non-work-related activities during normal work hours" by his supervisor, Adam Trzaska, but Trzaska was nevertheless "very generous and lenient towards" plaintiff. Tr. at 11:22–12:6. In September 2017, Trzaska and plaintiff's site manager, Mahmoud Kassir, met with plaintiff for his work performance review and told him that his work performance was "substandard." Id. at 12:7–14. Around that time, plaintiff also received a work performance assessment score of 3.1 out of 10. Id. 55:14–21. However, Trzaska and Kassir remained "very generous" and told plaintiff they would "provide [him] all the resources" he needed to help him improve in his performance. Id. at 57:5–14.

On or around November 24, 2017, plaintiff was hospitalized and diagnosed with acute leukemia.[2] Id. at 12:24–13:6. While plaintiff was in the hospital, Trzaska visited him on three different occasions to bring him gifts and wish him well in his treatment. Id. at 13:7–15, 64:7–11, 182:23–7. Plaintiff was discharged from the hospital on January 4, 2018. Id. at 13:18–21. He took intermittent medical leave from January 2018 until May 2018, when he returned to work full time for defendant. Id. at 15:11–19, 74:14–17.

Plaintiff alleges that defendant treated him differently after he returned to work in January 2018. He alleges that when he returned to work full time in May 2018 up until his termination in January 2019, he endured "regular, subtle hostility, bullying and harassment" by defendant. Tr. at 13:22–14:10, 15:20–25. To illustrate this change in treatment, plaintiff alleges that when he turned twenty-seven in January 2017, Trzaska and his coworkers gave him a birthday cake and sang to him in the middle of the workday, Id. at 10:19–11:09; however, the following year in January 2018, they did nothing on his birthday, Id. at 14:2–10. Plaintiff also alleges that while his work performance review in September 2017 was "substandard," defendant did not fire him at that time,

---

[2] The Court empathizes with plaintiff regarding his diagnosis, hopes that he is in remission, and wishes him good health.

and Trzaska and Kassir "offered…assistance" to improve his work performance. Id. at 12:7–23. By contrast, after plaintiff's cancer diagnosis, Kassir began to "write [him] up for performing non-work-related activities during normal work hours," and defendant "began to pressure [him] about [his] substandard work performance insinuating [he] could be fired for it[.]" Id. at 16:2–16.

In the fall of 2018, plaintiff received another work performance score of 3.1 out of 10 and received multiple verbal and written warnings about watching videos or reading news articles while on calls with customers. Id. at 59:5–9; Ex. D, Arbitration Decision, ECF No. 39 at 607. Defendant terminated plaintiff on January 11, 2019 based on a decision by Trzaska, Kassir, and another site manager, Tatiana Defoe-Herbert. Tr. at 27:21–28:2, 99:15–100:4. Defendant states that plaintiff was terminated because he was found reading the New York Times after placing a customer on hold for seven minutes, despite previous warnings and while he was on his fifth performance improvement plan. Id. at 27:3–14.

Plaintiff alleges that his termination was discriminatory and that defendant's real reasons for terminating him were that: (1) "[he] was costing them too much money as a cancer patient by using their company-provided employee medical insurance for vital, necessary, life-saving cancer treatment[;]" and (2) he was unable to work from his home as defendant had "want[ed] all of [its] Queens NYC employees to do so" because of limited space in his home. ECF No. 1 at 5. Plaintiff alleges that defendant's stated reason for terminating his employment was a "nitpicked" reason and pretext for its "prejudice" against him, because "all the other employees…routinely did unrelated work activities" at work. Id. Plaintiff seeks $18,000,000 for his pain and suffering, punitive damages, and for 41 years of lost wages (adjusted for future inflation) due to defendant's allegedly discriminatory conduct against him. Id. at 6.

II.     Procedural and Arbitration History

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 30, 2019. ECF No. 1 at 5–6. The EEOC issued plaintiff a Notice of Right to Sue on February 13, 2019. Id. at 8. On February 22, 2019, plaintiff filed the instant federal complaint. ECF No. 1. Defendant moved to compel arbitration on March 18, 2019. ECF Nos. 9–12. On February 5, 2020, the Court granted defendant's motion to compel and stayed plaintiff's action pending the conclusion of arbitration. ECF No. 16.

On or around April 7, 2020, plaintiff commenced arbitration before the American Arbitration Association, and Merrick Rossein, Esq. was selected as the arbitrator. Def.'s Mem. of Law at 3. The parties conducted discovery from May 2020 to July 2021, after which defendant requested leave to file a motion for summary judgment on August 6, 2021. Id. Defendant's request was denied to allow plaintiff the opportunity to present his case at a hearing. Id.

A two-day arbitration hearing was held on March 23-24, 2022. Id.; ECF No. 23. During the hearing, plaintiff presented his case-in-chief and gave testimony. Def.'s Mem. of Law at 3. Plaintiff's former supervisors and managers Trzaska, Kassir, and Defoe-Herbert also testified. Id. Plaintiff was able to question the witnesses. Id. At the conclusion of the hearing, defendant requested leave to move for judgment as a matter of law ("Mot. for J.") pursuant to Fed. R. Civ. P. 50(a). Def.'s Mem. of Law at 4. The arbitrator set a briefing schedule, and parties submitted their briefs for the arbitrator's consideration. Id.; see also Ex. C, Plf.'s Opp. to Mot. for J., ECF No. 39 at 591.

On April 18, 2022, the arbitrator granted defendant's motion. Id.; Arbitration Decision, ECF No. 39 at 601–09. On May 10, 2022, the arbitrator issued a formal award adopting the decision and dismissed the case under Fed. R. Civ. P. 50(a). Id.; Ex. F, Arbitration Award, ECF

4

No. 39 at 614–15. Plaintiff now moves to vacate the arbitration award. ECF No. 39. Defendant cross-moves to confirm the award and dismiss plaintiff's case. ECF No. 36.

## LEGAL STANDARD

"This Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process." Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 72 (2d Cir. 2012) (quoting Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007)). "A court's review of an arbitration award is…severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Id. at 71–72 (internal quotation marks and citations omitted); see also Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004) (a motion to vacate "is not an occasion for *de novo* review of an arbitral award."); Fairchild Corp. v. Alcoa, Inc., 510 F. Supp. 2d 280, 285 (S.D.N.Y. 2007) (arbitration awards are to be accorded "substantial latitude and extensive deference.").

"A party seeking vacatur [of an arbitration award] 'bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law.'" Milk Wagon Drivers & Dairy Emps. v. Elmhurst Dairy, Inc., 14 F. Supp. 3d 90, 96 (E.D.N.Y. 2014) (quoting Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003)). Indeed, the four statutory grounds for vacatur under the Federal Arbitration Act ("FAA") address "egregious departures from the parties' agreed-upon arbitration," and emphasize "extreme arbitral conduct" or impropriety. Hall St., Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 586 (2008). Under Section 10(a) of the FAA, a district court may vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Second Circuit recognizes an additional, but rarely used, ground for vacatur where an arbitration award constitutes a "manifest disregard of the law." Pacelli v. Vane Line Bunkering, Inc., 549 F. Supp. 3d 306, 312 (S.D.N.Y. 2021) (citation and internal quotation marks omitted); see also Sotheby's Int'l Rlty., Inc. v. Relocation Grp., LLC, 588 F. App'x 64, 65 (2d Cir. 2015) (summary order) ("[I]t is a doctrine of last resort—its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." (quoting Duferco Int'l Steel Trading, 333 F.3d at 389)). In short, the party seeking vacatur of an arbitration award "must clear a high hurdle." Scandinavian Reins. Co., 668 F.3d at 72 (quoting Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp., ––– U.S. ––––, ––––, 130 S. Ct. 1758, 1767 (2010)). Plaintiff's motion focuses on the first three statutory grounds for vacatur.

## DISCUSSION

I. Corruption, Fraud, or Undue Means – 9 U.S.C. § 10(a)(1)

To vacate an arbitration award on the basis of fraud, the moving party must establish that there was "fraudulent activity;" that "even with the exercise of due diligence, [the moving party] could not have discovered the fraud prior to the award issuing; and [that] the fraud materially

6

related to an issue in the arbitration."[3] Odeon Capital Grp. LLC v. Ackerman, 864 F.3d 191, 196 (2d Cir. 2017). "The purpose of requiring fraud to be 'newly discovered' before vacating an arbitration award on that ground is 'to avoid reexamination, by the courts, of credibility matters which either could have been or were in fact called into question during the course of the arbitration proceedings.'" Hakala v. Deutsche Bank AG, No. 01-CV-3366, 2004 WL 1057788, at *3 (S.D.N.Y. May 11, 2004) (citation and internal quotation marks omitted).[4] Where "perjury is at issue, [courts] have held that an arbitration award must stand unless it is 'abundantly clear' that it was obtained through the perjury." EB Safe, LLC v. Hurley, 832 F. App'x 705, 708 (2d Cir. 2020) (summary order) (quoting Karppinen v. Karl Kiefer Mach. Co., 187 F.2d 32, 34 (2d Cir. 1951)).

Here, plaintiff alleges that the award was obtained through fraudulent or undue means, because his former supervisor Trzaska gave perjured testimony regarding "important material facts of the case." Plf.'s Mem. of Law at 3. Specifically, he alleges that Trzaska "intentionally lied" about whether he recalled celebrating plaintiff's twenty-seventh birthday during work hours; that "with due diligence," plaintiff could not have known that Trzaska "was going to give a perjured testimony[;]" and that plaintiff later "elicit[ed] testimony" from Trzaska, "which led him to admitting" that he did recall celebrating plaintiff's birthday that year. Id. at 5–7. Plaintiff contends that Trzaska's recollection of plaintiff's birthday that year is materially relevant to defendant's "double-standard treatment" toward those with cancer such as himself, in that plaintiff was "treated well" before his diagnosis but "not well" after. Id. at 7.

---

[3] "A fraud claim requires a plaintiff to demonstrate (1) a misrepresentation or material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury." Finkelstein v. UBS Global Asset Mgmt. (US) Inc., No. 11-CV-356, 2011 WL 3586437, at *8 n. 11 (S.D.N.Y. Aug. 9, 2011) (citations omitted).

[4] The Clerk of Court is respectfully directed to send copies of the attached unreported decisions cited herein to plaintiff.

However, the inconsistencies in Trzaska's testimony do not rise to the level of fraud. Duffy v. Legal Aid Soc., No. 12-CV-2152, 2013 WL 541521, at *4 (S.D.N.Y. Feb. 12, 2013) ("[T]he mere fact that a witness's testimony is contrary to [plaintiff's] version of events does not establish that the award was procured by fraud."). Even if the Court were to assume that Trzaska gave perjured testimony, it is not 'abundantly clear' that his testimony is materially related to an issue in the arbitration. Moreover, the alleged inconsistencies plaintiff points to in Trzaska's testimony cannot be construed as 'newly discovered' because plaintiff had the opportunity to question Trzaska about his recollection at the hearing, and plaintiff challenged Trzaska's credibility in his opposition to defendant's motion for judgment as a matter of law. Tr. at 381:15–382:15; Plf.'s Opp. to Mot. for J., ECF No. 39 at 593. An award can only be vacated when the alleged fraud could not have been discovered with due diligence prior to the award being issued. EB Safe, LLC, 832 F. App'x at 708; see also Salzman v. KCD Fin., Inc., No. 11-CV-5865, 2011 WL 6778499, at *3 (S.D.N.Y. Dec.21, 2011) (holding that a party alleging fraud based on perjured testimony "must first show that he could not have discovered it during the arbitration, else he should have invoked it as a defense at that time." (quoting Karppinen, 187 F.2d at 35)). Here, despite plaintiff's challenge to Trzaska's credibility during the hearing, the arbitrator considered Trzaska's "demeanor and credibility" in reaching his decision and entering the award. Arbitration Decision, ECF No. 39 at 605; Arbitration Award, ECF No. 39 at 615.[5] As plaintiff fails to establish "fraud" under 9 U.S.C. § 10(a)(1), his motion to vacate should be denied on that ground.

---

[5] Plaintiff also states that Trzaska's statements "are not hearsay" per the Federal Rules of Evidence and should be admitted as evidence in support of plaintiff's instant motion. The Court's review of plaintiff's motion is limited to whether the arbitrator "exceeded the scope of his or her authority[.]" Jamaica Buses, Inc. v. Transp. Workers' Union, AFL-CIO, Loc. 100, No. 02-CV-2533, 2003 WL 1621026, at *4 (E.D.N.Y. Mar. 26, 2003) (citing Local 1199, Drug, Hospital and Health Care Employees Union v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir.1992). The arbitrator stated during the hearing that, "to the extent that I allow hearsay in, hearsay is still hearsay, and so it may not be given the same weight as other forms of evidence." Tr. at 5:15–21. Whether the arbitrator should have admitted certain evidence or weighed certain evidence differently is not within the Court's scope of review and not grounds for vacatur of the award. Jamaica Buses, Inc., No. 02-CV-2533, 2003 WL 1621026, at *4 (holding that even

II.     Evident Partiality – 9 U.S.C. § 10(a)(2)

Under Section 10(a)(2), a district court may vacate an arbitration award where there was "evident partiality or corruption" by the arbitrator. 9 U.S.C. § 10(a)(2). In this Circuit, 'evident partiality' within the meaning of Section 10(a)(2) is found when "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." Scandinavian Reins. Co., 668 F.3d at 72 (citation and internal quotation marks omitted). "Although proof of actual bias is not required…, the party moving to vacate an arbitration award must show more than the mere appearance of bias." Rai v. Barclays Capital Inc., 739 F. Supp. 2d 364, 370 (S.D.N.Y. 2010); see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 106 (2d Cir. 2013) (finding that allegations of evident partiality must be beyond "remote, uncertain, or speculative." (citation omitted)). Further, this Circuit "precludes attacks on the qualifications of arbitrators on grounds previously known but not raised until after an award has been rendered." Rai, 739 F. Supp. 2d at 370 (citation omitted). "The parties may assess an arbitrator's impartiality prior to the hearing, and they may reject an arbitrator at that time." Dubois v. Macy's Retail Holdings, Inc., No. 11-CV-4904, 2012 WL 4060739, at *6 (E.D.N.Y. Aug. 17, 2012), report and recommendation adopted as modified, No. 11-CV-4904, 2012 WL 4060586 (E.D.N.Y. Sept. 13, 2012), aff'd, 533 F. App'x 40 (2d Cir. 2013) (summary order). "Where a party has knowledge of facts possibly indicating bias or partiality on the part of the arbitrator, he cannot remain silent and later object to the award of the arbitrators on that ground. His silence constitutes a waiver of the objection." Rai, 739 F. Supp. 2d at 371 (citation and internal quotation marks omitted).

---

if the plaintiff's assertions were considered true—that the arbitrator mischaracterized testimony as hearsay and ignored essential facts—they were not appropriate grounds for vacatur).

9

Here, plaintiff argues that the arbitrator was partial, because (1) the arbitrator made an "inappropriate compliment" regarding the virtual appearance of defendant's counsel during the hearing, and (2) defendant paid all arbitration-related fees pursuant to the parties' arbitration agreement and failed to pay the initial deposit in a timely manner. Plf.'s Mem. of Law at 9–12. As to the first reason, plaintiff states that the arbitrator told defendant's counsel that they looked like the "appellate bench," to which one attorney responded, "thank you," and the other responded, "that's a compliment." Tr. at 483:21–24. Plaintiff argues that this "compliment" demonstrates the arbitrator's inability to be impartial in the matter. As to the second reason, plaintiff states that because defendant was responsible for compensating the arbitrator and did not timely pay the deposit, the arbitrator had a "financial interest in the outcome" of the arbitration and thus was "biased in his judgment." Plf.'s Mem. of Law at 10–11.

However, plaintiff could have raised these issues at the hearing and failed to do so. LGC Holdings, Inc. v. Julius Klein Diamonds, LLC, 238 F. Supp. 3d 452, 467–69 (S.D.N.Y. 2017) (concluding that plaintiff failed to object to certain disclosures made by the arbitrator before the award was issued and thus waived this objection as a basis for setting aside the award). Even if plaintiff had preserved his objections for judicial review, plaintiff's arguments, without more, are mere conjecture: the arbitrator's comment, taken as a "compliment" by counsel, while perhaps unwise banter, does not rise to the level of 'evident partiality' warranting vacatur of the award. See, e.g., Mandell v. Reeve, No. 10-CV-6530, 2011 WL 4585248, at *3 (S.D.N.Y. Oct. 4, 2011) (finding that the arbitrator's "comments about his friendly relationship with [plaintiff's] counsel" did not demonstrate the requisite bias to vacate the award); Transp. Workers Union, Local 252 v. Veolia Transp. Servs., 211 F. Supp. 3d 505, 513 (E.D.N.Y. 2016) (holding that the arbitrator's repeated comments off the record that he would rule for plaintiff "regardless of any other evidence

10

introduced at the hearing" was insufficient to vacate the award). Likewise, the payment of an arbitrator's fees, even where payment is "excessive or unevenly distributed," does not on its own establish bias toward one party. Travel Wizard v. Clipper Cruise Lines, No. 06-CV-2074, 2007 WL 29232, at *4 (S.D.N.Y. Jan. 3, 2007) (finding "nothing suspicious" about the arbitrator setting his "own fee" and billing more time than his colleagues in drafting the award); Pompano-Windy City Partners, Ltd. v. Bear, Stearns & Co., 698 F. Supp. 504, 518 (S.D.N.Y. 1988) ("The fact that the forum may compensate the arbitrators is not itself sufficient to establish 'evident partiality'."). Where the parties have executed an arbitration agreement providing for the payment of fees by one party, as is the case here, see Ex. B, Arbitration Agreement, ECF No. 39 at 585, payment pursuant to that agreement does not demonstrate bias, even if "those fees exceeded the amount to which the arbitrator was entitled." Katz v. Cellco P'Ship, 2018 WL 1891145, at *7 (S.D.N.Y. Apr. 17, 2018), aff'd, 756 F. App'x 103 (2d Cir. 2019) (summary order). Accordingly, plaintiff's motion to vacate the award should be denied for failure to demonstrate evident partiality under 9 U.S.C. § 10(a)(2).

    III.    Misconduct – 9 U.S.C. § 10(a)(3)

"It is the role of the arbitrators to make factual findings, weigh evidence, and assess the credibility of witnesses." Moorning–Brown v. Bear, Stearns & Co., No. 99-CV-4130, 2005 WL 22851, at *3 (S.D.N.Y. Jan.5, 2005) (citation omitted). Although Section 10(a)(3) provides for vacatur where the arbitrator is "guilty of misconduct…in refusing to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3), "[c]ourts have interpreted [this section] to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review." Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997); see also Rai 739 F. Supp. 2d at 371 ("This provision has been narrowly construed so as not to impinge

on the broad discretion afforded to arbitrators to decide what evidence should be presented.") (citation omitted)); Fairchild Corp., 510 F. Supp. 2d at 286 ("[A] court may not conduct a reassessment of the evidence or vacate an arbitral award because the arbitrator's decision may run contrary to strong evidence favoring the party seeking to overturn the award."). "In making evidentiary determinations, an arbitrator need not follow all the niceties observed by the federal courts…. [A]lthough not required to hear all the evidence proffered by a party, an arbitrator must give each of the parties to the dispute an adequate opportunity to present its evidence and argument." Tempo Shain Corp., 120 F.3d at 20. Further, "manifest disregard of the evidence [is not a] proper ground for vacating an arbitrator's award. Vacatur is only permitted where the arbitrator's exclusion of evidence prejudices one of the parties." Rai, 739 F. Supp. 2d at 372 (alteration in original) (citations and internal quotation marks omitted).

Plaintiff contends that the arbitrator is guilty of misconduct by "refus[ing] to consider" an argument plaintiff made in his opposition to defendant's motion for judgment as a matter of law, that defendant had an "overall culture of terminating employees based on pretext." Plf.'s Mem. of Law at 13. Specifically, plaintiff points to "contradicting testimonies" from the three witnesses regarding defendant's "culture of contesting unemployment insurance claims" and defendant's response to plaintiff performing non-work-related activities at work before and after he was diagnosed with cancer. Id. at 13–14. He concludes that this evidence "should be sufficient to prove" his argument and was "very relevant to [his] case of wrongful termination…due to [his] cancer-disability." Id. at 14.

However, the Court's review under Section 10(a)(3) is confined to "whether the procedure was fundamentally unfair"—it does not have jurisdiction to conduct an "evidentiary review" of whether the arbitrator should have reached a different decision on the merits. Tempo Shain Corp.,

120 F.3d at 20 (citations omitted). Here, the arbitrator provided plaintiff the opportunity to present his argument both at the hearing as well as in his briefing after the hearing's conclusion. Plaintiff had a full and fair opportunity to be heard. "[T]hat the arguments were rejected does not mean that any misconduct occurred, or that [plaintiff's] rights were in any way prejudiced." Barzelatto v. Spire Sec., LLC, No. 19-CV-6238, 2019 WL 8889865, at *5 (S.D.N.Y. Nov. 5, 2019). The arbitration decision rejected plaintiff's argument that defendant perpetuated a "culture of terminating employees based on pretext" as "unproven speculative facts not relevant to his claim of disability discrimination." Arbitration Decision, ECF No. 39 at 605. Instead, the arbitrator found that plaintiff's work performance failed to meet expectations both before and after his diagnosis, that his supervisors continually encouraged plaintiff to improve his performance, that he was ultimately fired for an issue for which he had received multiple verbal and written warnings, and that plaintiff had not shown evidence of comparators who had been treated differently.[6] Arbitration Decision, ECF No. 39 at 608–609. There is no basis to disturb the arbitrator's findings. Plaintiff's motion to vacate should be denied for failure to establish misconduct under 9 U.S.C. § 10(a)(3).

IV.  Confirming the Arbitration Award

"Upon the denial of a motion for vacatur, the Court must confirm an arbitration award." AmeriCredit Fin. Servs., Inc., 627 F.Supp.2d at 102; see also 9 U.S.C. § 9 ("[T]he court must grant [an order seeking confirmation] unless the award is vacated, modified, or corrected."). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrator[ ] is necessary to confirm the

---

[6] The Court is not cold-hearted to plaintiff's having a serious cancer diagnosis at such a young age, and without disturbing the arbitrator's conclusion as to plaintiff's legal arguments, does not question that plaintiff felt he was treated well before the diagnosis (e.g., the birthday acknowledgement) but not well after. There is a difference between plaintiff's feelings and what establishes discrimination under the law.

13

award." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir.2006) (internal quotation marks and citations omitted); see also STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC, 648 F.3d 68, 74 (2d Cir. 2011). Here, as the arbitrator's decision can be inferred from the facts of the case, defendant's motion to confirm the arbitration award should be granted.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion to vacate the arbitration award should be denied and that defendant's motion to confirm the arbitration award should be granted. Plaintiff's complaint should be dismissed.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                /S/
                                       LOIS BLOOM
                                       United States Magistrate Judge

Dated: June 1, 2023
       Brooklyn, New York