UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                         :

**DERRICK LIN**,

                         :

               *Plaintiff*,      :  **<u>MEMORANDUM DECISION</u>**
                         **<u>AND ORDER</u>**
          - against -      :

                         :  19-CV-1087 (AMD) (LB)

**DISH NETWORK LLC**,

                         :

             *Defendant*.     :

                         :

------------------------------------------------------------------- X

**ANN M. DONNELLY,** United States District Judge:

On February 22, 2019, the *pro se* plaintiff brought this action alleging the defendant violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq*., when it terminated his employment. On February 5, 2020, the Court granted the defendant's motion to compel arbitration and stayed the litigation. After the parties exchanged discovery and participated in a two-day arbitration proceeding, the arbitrator granted the defendant's motion for judgment as a matter of law. The plaintiff moves to vacate the arbitration award, and the defendant cross-moves to confirm the award and dismiss the case.

On March 31, 2023, I referred the petition to Magistrate Judge Lois Bloom for a report and recommendation. On June 1, 2023, Judge Bloom recommended that I grant the defendant's motion to confirm the arbitration award and deny the plaintiff's motion to vacate the arbitration award. (ECF No. 43.) The plaintiff filed objections to the report and recommendation on June 8, 2023 (ECF No. 44), which the defendant opposes.

**STANDARD OF REVIEW**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). "[E]ven in a *de novo* review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (alterations omitted) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).

A *pro se* party's objections are "generally accorded leniency" and construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks and citations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Serv.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted). District courts "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Rosenberg v. Lashkar-E-*

*Taiba*, No. 10-CV-5381, 2017 WL 11647006, at *5 (E.D.N.Y. Mar. 31, 2017) (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)).

## DISCUSSION

The plaintiff objects on two grounds.  First, he argues that the defendant obtained the arbitration award by "undue means" when counsel questioned the plaintiff about the plaintiff's "difficult relationship with his mother" and the "emotional distress" he suffered after the defendant fired him.  (ECF No. 44 at 7.)  The defendant responds that the Court should not consider these arguments because the plaintiff did not raise them before Judge Bloom.  (ECF No. 45.)  In any event, the defendant says, the plaintiff's objections are meritless.  (*Id.*)

"'Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation' absent a compelling justification for failure to present such evidence to the magistrate judge." *Rosenberg v. Lashkar-e-Taiba*, No. 10-CV-5381, 2017 WL 11647006, at *5 (E.D.N.Y. Mar. 31, 2017) (quoting *Azkour v. Little Rest Twelve, Inc.*, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (internal citation omitted and collecting cases)).  While a district court, upon receipt of a report and recommendation, may "receive further evidence or recommit the matter to the magistrate judge with instructions," 28 U.S.C. § 636(b), "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration." *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).

Judge Bloom rejected the arguments that the plaintiff did make: that his supervisor's testimony was a fraud on the court, and that the arbitrator was biased because the defendant's payment of the initial arbitration fee was late.  Judge Bloom concluded that inconsistencies in the supervisor's testimony did not rise to the level of fraud.  (ECF No. 43 at 7-8.)  She also rejected the plaintiff's claim that the arbitrator was biased.  (*Id*. at 9-10.)  The plaintiff does not explain

why he did not make his new arguments, which are similar in kind to the claims he did make, and are not based on facts or law that was unavailable to the plaintiff when he moved to vacate the arbitration award.

Even liberally construing this new objection as preserved, however, it provides no basis for relief.  Rather, it is simply an attempt to relitigate the merits of his discrimination action.  This is not a ground for vacatur under Section 10(a) of the FAA.  *See Pacelli v. Vane Line Bunkering, Inc.*, 549 F. Supp. 3d 306, 312 (S.D.N.Y. 2021).

Second, the plaintiff opposes any award of "costs, disbursements [and] attorney's fees" because he cannot pay them, and because he is a Medicaid recipient.  The defendant has not made an application for fees and costs, so this objection is untimely.

After a careful review, Judge Bloom concluded that there is no basis to disturb the arbitrator's findings.  This finding was correct.  Accordingly, I adopt her thorough and well-reasoned report and recommendation it in its entirety.  The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

s/Ann M. Donnelly

_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      July 26, 2023